UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROY McMASTER,

        Plaintiff,                      No. 18-13875

v.                                   District Judge Sean F. Cox
                                          Magistrate Judge R. Steven Whalen

KOHL'S DEPARTMENT STORES,
INC.,

        Defendant.
                                 /

**OPINION AND ORDER**

Plaintiff has brought this case under the Americans With Disabilities Act ("ADA"). Before the Court is Plaintiff's Motion to Compel Discovery and Request for Attorney's Fees [ECF No. 21]. In general terms, this discovery dispute revolves around two issues: the scope of relevant comparators, and the scope of Defendant's duty to disclose retention, storage, and other information underlying its response that it does possess certain documents. For the reasons discussed below, the motion is GRANTED IN PART AND DENIED IN PART.

A.    Comparators

Plaintiff was employed as a Regional Loss Prevention Manager ("RLPM"). Defendant's organization chart shows that its organization is comprised of four Territories, with each Territory divided into four Regions, for a total of 16 Regions nationally. Each Territory has a Vice President of Loss Prevention, and each Region has a RLPM, who reports to the Territory Vice President. Plaintiff was the RLPM for Region 11, and reported to David Ruffing, the Vice President of Loss Prevention for Territory 2.

At the time of Plaintiff's termination, three other RLPMs reported to Mr. Ruffing in Territory 2: Matt Poppalardo, Kelly Castiglione, and Nick Hund. Defendant states, however, that there were 11 other RLPMs–four in Territory 1, three in Territory 3, and four in Territory 4.

"In the Sixth Circuit, the key to determining whether a "comparator" is similarly situated depends whether the individuals are similar in all relevant respects and engaged in acts of comparable seriousness." *Eichbauer v. Henry Ford Health Sys*., 2017 WL 2664467, at *2 (E.D. Mich. June 21, 2017), citing *Bobo v. United Parcel Serv., Inc*., 665 F.3d 741, 751 (6th Cir. 2012). In *Mitchell v. Toledo Hospital*, 964 F.2d 577, 583 (6th Cir.1992), the Court stated that a comparator must be "similarly-situated in all respects," and discussed factors that included having worked under the "same supervisor." However, the Sixth Circuit has subsequently clarified that *Mitchell's* "same supervisor" language is not "an inflexible requirement," but "depends upon the facts and circumstances of each individual case." *McMillan v. Castro*, 405 F.3d 405, 414 (6th Cir. 2005) (quoting *Seay v. Tennessee Valley Auth*., 339 F.3d 454, 479 (6th Cir. 2003)). *See also Louzon v. Ford Motor Co.*, 718 F.3d 556, 563 (6th Cir. 2013).

In this case, Defendant's principle argument is that only Poppalardo, Castiglione, and Hund are the proper comparators, since they and Plaintiff all reported to Ruffing. Under the more flexible standards of *McMillon* and *Louzon*, however, the range of the Plaintiff's comparators could be extended to the other 11 RLPMs as well. And while Defendant maintains the validity of its position under *Mitchell*, it has agreed to produce the requested information as to all RLPMs. The Plaintiffs request to expand its request beyond the RLPMs, however, is a bridge too far.

Plaintiff's discovery requests related to the Defendants RLPMs from June 2013 to August 2019 are therefore GRANTED.

In addition to the personnel files of the comparators, the personnel files of Defendant's supervisors or managers who were involved in the decision to terminate the Plaintiff–and *only* those supervisors and managers–are discoverable. *See Hill v. Motel 6*, 205 F.R.D. 490, 494-95 (S.D. Ohio 2001).[1]

### B. Defendant's Document Retention Information

Plaintiff questions Defendant's response to certain requests for production that it does not have the documents requested, and seeks, in effect, discovery about discovery.

First, Plaintiff asserts that the electronically stored documents it *has* received were not produced in native format, along with metadata, as requested. *See* ECF No. 21-2, PageID.224. Under Fed.R.Civ.P. 34(b)(2)(E)(i), a responding party may produce documents "as they are kept in the usual course of business," and I am satisfied that Defendant has done so. As discussed below, Plaintiff has access to Defendant's document retention policies, and further production of voluminous material in native format with metadata would be only marginally relevant and disproportionate.

Plaintiff also seeks extensive information regarding Defendant's electronic data bases and information management systems. *See, e.g.*, Interrogatories 8 and 9. This is distinct from the underlying factual information that has and will be produced. Apart from lacking significant relevance to the factual and legal matters at issue in this case, the requests for technical information are overly broad and unduly burdensome to Defendant.

---

[1] Defendant states that it agreed to produce the birth date, home address, and telephone number of Ruffing, Meadows, Christensen, and Moon upon the entry of a protective order. *Response*, ECF No. 26, PageID.415. A stipulated protective order was filed on October 2, 2019 [ECF No. 30].

If a responding party indicates that it does not have certain documents, the requesting party cannot, as a matter of course, undertake such an extensive inquiry into the responding party's ESI protocols. Here, however, it is appropriate to require the Defendant to produce a declaration under oath, signed by the person or persons conducting the search for requested material, and stating in detail what was done to locate the documents. *See Catrinar v. Wynnstone Communities Corporation*, 2016 WL 1084687, *2-3 (E.D. Mich. 2016). In applying that remedy rather than a more intrusive inquiry into the defendant's data system, *Catrinar* stated:

> "Therefore, as to any documents that Defendants claim they do not have, the person or persons who searched for those documents must provide to Plaintiff a written declaration, under oath, detailing the steps taken to locate responsive documents and the results of the search. This will also obviate the need to allow Plaintiff's representatives to search Defendants' email servers, a remedy that I generally find pregnant with mischief in any event." *Id*.

*See also EnvTech, Inc. v. Suchard*, 2013 WL 4899085, *5 (D.Nev. 2013)("Where a party does not have responsive documents, it must come forward with an explanation of the search conducted with sufficient specificity to allow the court to determine whether the party made a reasonable inquiry and exercised due diligence. Information regarding the search conducted should be provided through declarations under oath detailing the nature of the efforts to locate responsive documents."). Plaintiff's motion is GRANTED to the extent that it will provide such verified statement.

C.   Specific Unresolved Requests[2]

The parties' Joint List of Unresolved Issues [ECF No. 35] contains the following enumerated and unresolved discovery requests:

1. Plaintiff requests monetary sanctions for having had to bring this motion. Plaintiff's motion is being granted in part and denied in part. I am satisfied that whatever deficiencies remain in Defendant's production, it has endeavored in good faith to comply with Plaintiff's requests.  Plaintiff's request for monetary sanctions under Rule 37 is DENIED.

2.  The request for additional information about Defendant's databases and systems is DENIED.

3.  The request for the identity of Kohl's employees who had access to Plaintiff's HIPPA-protected information is GRANTED IN PART.  Defendant will produce the names, birth date, position/title within Kohl's, and contact information of these employees.  The request is otherwise DENIED.

4.  Here, Plaintiff requests detailed information about all current RLPMs and RLPMs who separated from Kohl's between June, 2013 and August, 2019, as well as similar information from Plaintiff's former supervisors and from employees involved in the decision to terminate him.  (This information will presumably be contained the individuals' personnel files).  For the reasons stated above, this request is GRANTED.

---

[2] Plaintiff states that he is withdrawing his requests regarding Interrogatories 4, 6, 11, 12-15, and 24-25, and Requests to Produce 4 and 10-13.  He also states that he will withdraw Interrogatory 22 if Defendant responds to Interrogatory 21. Defendant has agreed to provide a supplemental response to Interrogatory 22 with reference to Ruffing, Roszczewski, and Bellasai.

5. As discussed above, Plaintiff's request for a verified statement detailing the steps taken to search for responsive documents is GRANTED.

6. Plaintiff requests Defendant's document retention policies in native format, based on Defendant's representation that it does not have certain documents. Again, this is discovery about discovery, and the request is, at best, premature, given the requirement that Defendant provide a verified statement regarding the search for documents. In addition, Defendant has agreed to provide information regarding its retention policies for employee emails. *Response*, ECF No. 26, PageID.418. Plaintiff has the substance of the document retention policies, which gives him a sufficient basis to further delve into the issue in a Rule 30(b)(6) deposition. This request is DENIED.

7. Communications from Kohl's counsel implicate attorney-client privileged information. In addition, as noted above, Defendant has provided substantial information regarding its document retention policies, and can obtain additional clarification upon a Rule 30(b)(6) deposition. This request is DENIED.

8. Here, Defendant suggests that Plaintiff's refusal to withdraw his motion to compel responses to certain interrogatories and document requests was improper given prior communications between counsel. Those communications and discussion were, of course, an appropriate attempt to resolve discovery issues. This order speaks for itself, and the Court need not involve itself in the parsing of emails.

9. Plaintiff has withdrawn his request as to Interrogatory 12.

10. As discussed above, Defendant need not produce the documents in native format with metadata at this time. This request is DENIED.

11. Here, the parties state that there is a dispute as to who the Plaintiff's proper comparators are: all former and current RLPMs or just the three that reported to Mr. Ruffing. This is a discovery motion–Defendant has agreed to provide information, and will provide information regarding all RLPMs. The ultimate substantive question of who can be considered a proper comparator can be addressed at a later time, in a dispositive motion or at trial. As set forth above, the request for the *information* has been agreed to and is GRANTED.

    IT IS SO ORDERED.

                                              s/ R. Steven Whalen
                                              R. STEVEN WHALEN
                                              UNITED STATES MAGISTRATE JUDGE

Dated: February 15, 2020

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 15, 2020, electronically and/or by U.S. mail.

                                              s/Carolyn M. Ciesla
                                              Case Manager to the
                                              Honorable R. Steven Whalen